IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James L. Ewing, | : | |
| Petitioner, | : | Civil. No.     2:12-cv00620 |
| | | Criminal No. 2:93-cr-00101 |
| v. | : | |
| | | Judge Smith |
| United States of America, | : | |
| | | Magistrate Judge Abel |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on the United States' July 31, 2012 motion to transfer petitioner James L. Ewing's second petition to the Sixth Circuit (doc. 77).

Background. On October 18, 1994, Ewing's conviction and sentence were affirmed by the Sixth Circuit. On April 24, 1997, Ewing filed his first petition pursuant to 28 U.S.C. § 2255. On September 10, 1998, this Court dismissed the petition on the merits. On March 24, 1999, the Sixth Circuit dismissed Ewing's appeal of the dismissal for lack of jurisdiction.

On December 8, 2008, Ewing filed a motion pursuant to 18 U.S.C. § 3582 seeking retroactive application of Amendment 706 to the United States Sentencing Guidelines. Ewing sought a two-level reduction in his §2D1.1 U.S.S.G. base offense level. His

1

motion was denied. *See* Doc. 64. The Court noted that Ewing was sentenced as a career offender, pursuant to §4B1.1 U.S.S.G. and that subsequent changes to the §2D1.1 U.S.S.G. drug quantity guidelines did not effect the sentence of a person sentenced as a career offender. The Court's decision was affirmed by the Sixth Circuit on August 16, 2011. Doc. 73.

On July 2, 2012, Ewing filed a motion to vacate under 28 U.S.C. § 2255. On July 16, 2012, the Court ordered respondent to answer the petition.

Arguments of the Parties. The United States argues that petitioner has filed a second petition pursuant to 28 U.S.C. § 2255 without seeking certification from the Sixth Circuit as required by 28 U.S.C. § 2255(g) and 28 U.S.C. § 2244(b)(2)&(3). Respondent maintains that because the Court of Appeals has not certified this matter, this Court is without jurisdiction and should vacate its show cause order and transfer the motion to the Sixth Circuit under the dictates of *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

The United States maintains that the petition is a second or successive petition, and it must be transferred to the Sixth Circuit. Although Ewing is correct that not every "second-in-time" petition is considered second or successive, respondent argues that this general proposition does not apply to this petition. Second-in-time petitions are not second or successive where the initial petition was dismissed other than on the merits or where the later-raised claim could not have been brought in the earlier petition for procedural reasons. Second-in-time petitions have also been found to not second or successive when they involved later-arising or later-ripening claims such as challenges

arising from a new judgment in the case. The United States maintains that Ewing's petition does not fall within these exceptions because his initial petition attacked the same conviction and sentence as his current petition and the initial petition was disposed of on the merits. Instead, Ewing's petition involves a new claim that is asserted to be properly raised in a second petition in light of intervening authority, and whether this is permitted turns on whether it satisfies the exception of § 2244(b)(2)(A).

Petitioner maintains that his current petition is not successive because it raises claims of actual innocence based on recent rulings of the Supreme Court. Therefore, plaintiff maintains, his claims were not yet ripe for review when his first petition was filed.

Discussion. A district court may not consider a second or successive habeas petition , but not every habeas petition filed subsequent to the denial of an initial petition constitutes a successive petition. *See*, *e.g.*, *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1988). To be successive, a subsequent habeas petition must relate to the same conviction or sentence that was attacked in the original petition. *Smith v. Voorhies* , No. 1:07-CV-00032, 2007 WL 2688275 at *2 (S. D. Ohio Sep. 12, 2007).

Here, Ewing's petition attacks the same conviction and sentence as his original petition, which was dismissed on the merits. Plaintiff mistakenly believes that a claim that was raised in an initial petition and dismissed on the merits was not ripe for purposes of a subsequent petition if it is based on a intervening change of law. This is not the case. As a result, plaintiff's subsequent petition is successive under 28 U.S.C.§

2244(b)(2), and this Court does not have jurisdiction to consider the merits of petitioner's claims.

For the reasons stated above, the Magistrate Judge RECOMMENDS that the United States' July 31, 2012 motion to transfer petitioner James L. Ewing's second petition to the Sixth Circuit (doc. 77) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge