IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES E. EWING,**

        **Petitioner,**                                 **CASE NO. 2:16-CV-00571**
                                                       **CRIM. NO. 2:93-CR-101(1)**
        **v.**                                                  **JUDGE GEORGE C. SMITH**
                                                       **MAGISTRATE JUDGE KEMP**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**OPINION AND ORDER**

Petitioner, a federal prisoner, brings the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 92). This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner was convicted after a jury trial in 1993 on conspiracy to distribute crack cocaine and possession with intent to distribute in excess of five grams of cocaine base. The sentenced Petitioner to concurrent terms of 240 and 300 months incarceration, followed by four years supervised release. (ECF No. 33). On October 18, 1994, the United States Court of Appeals for the Sixth Circuit affirmed the District Court's judgment. (ECF No. 39). On April 24, 1997, Ewing filed his first petition pursuant to 28 U.S.C. § 2255. (ECF No. 41). On September 10, 1998, this Court dismissed that action on the merits. (ECF No. 50). On March 24, 1999, the Sixth Circuit dismissed Ewing's appeal. (ECF No. 56). On December 8, 2008, Ewing filed a *Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense* pursuant to 18 U.S.C. § 3582 seeking retroactive application of Amendment 706 to the

United States Sentencing Guidelines. The Court denied the motion. (ECF No. 64). On August 16, 2011, the Sixth Circuit affirmed the Court's decision. (ECF No. 73). On July 2, 2012, Ewing filed a *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 75). On March 6, 2013, this Court transferred the motion to the United States Court of Appeals for the Sixth Circuit as a successive petition. (ECF No. 84). On December 11, 2013, the Court of Appeals denied his motion for leave to file a second motion to vacate sentence. (ECF No. 85). On June 27, 2014, Petitioner filed a third *Motion to Vacate under 28 U.S.C. § 2255.* (ECF No. 86). On July 16, 2014, the Court issued an *Order* striking the motion from the docket, and advising Petitioner to follow the procedures required by 28 U.S.C. § 2255(g) and 28 U.S.C. § 2244(b)(2), (3), for the filing of a successive petition. (ECF No. 87). On July 17, 2015, Petitioner filed a fourth *Motion to Vacate under 28 U.S.C. § 2255* and a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF Nos. 88, 89). On April 27, 2016, the Court denied Petitioner's Rule 60(b) motion and transferred Petitioner's § 2255 motion to the Sixth Circuit as successive. (ECF No. 91).

On June 21, 2016, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 92). Petitioner asserts that his sentence violates *United States v. Johnson*, -- U.S. --, 135 S.Ct. 2551 (2015), in which the United States Supreme Court declared the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague. Plainly, this newest action constitutes a successive § 2255 motion.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that

court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012).  Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit.  *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed earlier motions to vacate, the *Motion to Vacate under 28 U.S.C. § 2255* presently before the Court constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Petitioner also moves the Court to hold this action in abeyance pending a ruling from the United States Court of Appeals for the Sixth Circuit on his application for authorization to file a successive § 2255 motion, presumably in order to prevent the government from asserting any claim that the action is time-barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).  *See Dodd v. United States*, 545 U.S. 353, 356 (2005) (holding that applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file his § 2255 petition).  This Court, however, lacks jurisdiction to address the § 2255 motion absent authorization from the United States Court of Appeals.  Further, the statute of limitations is tolled during the time period that Petitioner seeks authorization for the filing of a successive petition.  *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

Therefore, Petitioner's *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 92) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

4

Petitioner's motion to hold the case in abeyance is **DENIED**.

**IT IS SO ORDERED.**

                */s/ George C. Smith*
                **GEORGE C. SMITH, JUDGE**
                **UNITED STATES DISTRICT COURT**

.