# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES E. EWING,

      Petitioner,

  v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:16-CV-571
CRIM. NO. 2:93-CR-101(1)
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On March 24, 2017, the Court issued an *Opinion and Order* pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts dismissing the *Motion to Vacate under 28 U.S.C. § 2255*. (Doc. 99.) Petitioner has filed a *Motion for Reconsideration*. (Doc. 100.) Alternatively, Petitioner requests the Court to issue a certificate of appealability and extend the time within which to file a notice of appeal. For the reasons that follow, Petitioner's *Motion for Reconsideration* (Doc. 100) is **DENIED**. Petitioner's request for an extension of time to file an appeal and request for a certificate of appealability also are **DENIED.**

Petitioner complains that the Court failed to rule on his claim that his sentence violates *Begay v. United States*, 353 U.S. 137 (2008). Petitioner raised this issue in his July 8, 2015, fourth motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Docs. 88, 89.) On April 27, 2016, the Court denied the Rule 60(b) application and transferred Petitioner's fourth § 2255 motion to the United States Court of Appeals for the Sixth Circuit as successive. *Opinion and Order* (Doc. 91.) On June 21, 2016, Petitioner filed his fifth *Motion to Vacate*

*under 28 U.S.C. § 2255*, also asserting that his sentence violated *United States v. Johnson*, -- U.S. --, 135 S.Ct. 2551 (2015) (declaring the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague). (Doc. 92.) The Court likewise transferred that action to the Sixth Circuit for authorization for filing as successive. (Doc. 93.) Petitioner indicates that, on June 13, 2016, the Sixth Circuit granted his request for consolidation of the cases in Case Numbers 16-3176 and 16-3423. On September 21, 2016, the Sixth Circuit remanded the case to this Court for consideration of Petitioner's claim that he is entitled to relief from his designation as a career offender under *Johnson*. *Order,* Nos. 16-3176/16-3423 (Doc. 95.) On March 24, 2017, the Court dismissed the successive § 2255 action as without merit in view of *Beckles v. United States*, 580 U.S. --, 137 S.Ct. 886 (2017) (holding that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness). *Opinion and Order* (Doc. 99.)

The Sixth Circuit indicated that it was granting authorization for the filing of a successive § 2255 motion solely on Petitioner's claim that his sentence violates *Johnson,* and instructed the Court to hold the case in abeyance pending the outcome of *Beckles*. The remand does not include any mention of Petitioner's request for authorization for the filing of a successive § 2255 motion raising a claim under *Begay*. Instead, the remand explicitly limits this Court's review to consideration of Petitioner's claim under *Johnson*. *Order* (Doc. 95.) Therefore, the remand from the Sixth Circuit Court of Appeals appears to be limited in scope and does not authorize this Court's consideration of Petitioner's claim that his sentence violates *Begay*. *See Bailey v. United States*, 2017 WL 1498007, at *3-4 (E.D. Tenn. April 26, 2017) ("Because the Sixth Circuit based its reasoning on the novelty and retroactive nature of *Johnson's* holding, this Court interprets the grant of authorization as limited to those claims. . . which either assert or rely on

the 'newly recognized' right from *Johnson*.") *See also United States v. Kennedy*, -- Fed.Appx. --, 2017 WL 1078552, at *4-5 (6th Cir. March 22, 2017) (discussing limited, as opposed to general remand orders).

Petitioner requests the Court to grant him an extension of time for the filing of an appeal. Where, as here, the United States is a party to the action, the notice of appeal must be filed within 60 days after the entry of the judgment or order being appealed from. Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure. However, the time for the filing of the appeal is extended by the filing of a timely motion for reconsideration under Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") Rule 4(a)(4)(A) provides:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for a new trial under Rule 59; or
>
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Therefore, Petitioner's time for the filing of a notice of appeal begins to run from the date of this Order, and has not yet expired. Rule 4(a)(4)(A).

3

Petitioner seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The scope of the Sixth Circuit's remand appears to be explicitly limited to authorize this Court's consideration solely of Petitioner's claim that his sentence violates *Johnson.* Under

these circumstances, the Court is not persuaded that reasonable jurists would debate whether the Court properly denied Petitioner's motion for relief from judgment requesting consideration of the successive § 2255 motion raising a claim that his sentence violates *Begay*.

Therefore, Petitioner's *Motion for Reconsideration* (Doc. 100) is **DENIED**. Petitioner's request for an extension of time to file an appeal and request for a certificate of appealability are **DENIED.**

       **IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICT COURT**