IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES L. EWING,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:16-CV-287
CRIM. NO. 2:93-CR-00101
JUDGE GEORGE C. SMITH
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

On March 24, 2017, the Court issued an *Opinion and Order* denying the *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 99.) On June 19, 2017, the Court denied Petitioner's Motion for Reconsideration. (ECF No. 102.) Petitioner has now filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 105.) For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's motion, to the extent that it is based on his claim regarding the alleged perpetration of fraud on the Court, be **DENIED.**

Respondent is **DIRECTED** to submit a response to Petitioner's motion within twenty-one (21) days regarding application of *Beckles* to Petitioner's mandatory Guideline sentence, including, *inter alia*: 1.) whether the motion may be considered under 28 U.S.C. § 2241, or whether it constitutes a successive petition; 2.) if Petitioner's motion may be addressed on the merits, whether he may be entitled to relief, and; 3.) whether the Sixth Circuit's decision in *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017), forecloses relief.

Petitioner may file a response within twenty-one (21) days thereafter.

This case involves Petitioner's underlying criminal convictions on conspiracy to distribute cocaine base and possession with intent to distribute in excess of five grams of cocaine base. On December 23, 1993, the Court sentenced Petitioner to 300 months in prison, to be followed by four years supervised release. (ECF No. 33.) On October 18, 1994, the United States Court of Appeals for the Sixth Circuit affirmed the *Judgment* of this Court. *United States v. Ewing*, 38 F.3d 1217 (6th Cir. 1994); (ECF No. 39.) Since that time, Petitioner has filed five previous motions to vacate under 28 U.S.C. § 2255. Most recently, on September 21, 2016, the Sixth Circuit granted Petitioner's motion for authorization for the filing of a successive § 2255 action on Petitioner's claim that he was improperly sentenced as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015) (holding that the "residual clause" of 18 U.S.C. 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague). (ECF No. 95.) On March 24, 2017, however, the Court denied the § 2255 motion as without merit in view of the United States Supreme Court's subsequent decision in *Beckles v. United States*, 580 U.S. --, 137 S.Ct. 886 (2017). (ECF No. 99.) In *Beckles*, the Supreme Court held that the advisory United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. at 892.  On June 19, 2017, the Court denied Petitioner's *Motion for Reconsideration*. (ECF No. 102.)

2

Petitioner seeks relief from the Court's March 24, 2017, *Opinion and Order* denying his claim that his sentence violates *Johnson*. Citing *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), Petitioner argues that relief is warranted because he was sentenced under the mandatory rather than the advisory United States Sentencing Guidelines such that *Beckles* does not apply. Petitioner additionally asserts that the charges against him were obtained through false statements and based upon fraud on the Court.

Plainly, this latter argument does not now provide Petitioner a basis for relief. As previously noted, the Sixth Circuit authorized the filing of Petitioner's most recent § 2255 motion solely on Petitioner's claim that his sentence violates *Johnson*. *See Opinion and Order* (ECF No. 102.)

The Sixth Circuit stated that *Beckles* does not apply to the advisory sentencing guidelines. *See Raybon*, 867 F.3d at 629 (noting that "whether [*Beckles*] applies to the mandatory guidelines . . . is an open question.") *See also United States* v. *Walker*, No. 1:93-cr-0033-DAP, 2017 WL 3034445, at *5 (N.D. Ohio July 18, 2017) ("[U]ntil the Sixth Circuit or Supreme Court holds otherwise, this Court must accept both that the advisory Guidelines are not subject to challenges under *Johnson* and that the mandatory Guidelines are subject to challenges under *Johnson*." (citing *United States v. Tunstall*, No. 3:00-cr-050, 2017 WL 2619336, at *6 (S.D. Ohio June 16, 2017) (recommending that a pre-*Booker* Guidelines sentence be vacated on the basis of *Johnson*)).[1]

---

[1] On November 28, 2017, the United States District Court for the Southern District of Ohio, Western Division, sustained, in part, the Respondent's objections to the Magistrate Judge's recommendations in *Tunstall*, dismissing the § 2255 action due to the Sixth Circuit's subsequent decision in *Raybon*, 867 F.3d at 627. *Tunstall v. United States*, 2017 WL 5714093, at *3 (S.D. Ohio Nov. 28, 2017).

3

Moreover, in *Hill,* upon which Petitioner also relies, the Sixth Circuit held that a federal prisoner could bring a habeas petition seeking relief under § 2241 challenging his enhanced sentence as a career offender under the following conditions:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-United *States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill,* 836 F.3d at 599-600.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Petitioner's motion, to the extent that it is based on his claim regarding the alleged perpetration of fraud on the Court, be **DENIED.**

Respondent is **DIRECTED** to submit a response to Petitioner's motion within twenty-one (21) days regarding application of *Beckles* to Petitioner's mandatory Guideline sentence, including, *inter alia*:  1.)  whether the motion may be considered under 28 U.S.C. § 2241, or whether it constitutes a successive petition; 2.)  if Petitioner's motion may be addressed on the merits, whether he may be entitled to relief, and; 3.)  whether the Sixth Circuit's decision in *Raybon*, 867 F.3d at 625, forecloses relief.

Petitioner may file a response within twenty-one (21) days thereafter.

**IT IS SO ORDERED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

4

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*_____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE