# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES L. EWING,

      **Petitioner,**                        Case No. 2:16-cv-287
                                                Crim. No. 2:93-cr-00101
                                                Judge George C. Smith
      **v.**                                   Magistrate Judge Vascura

UNITED STATES OF AMERICA,

      **Respondent.**

## OPINION AND ORDER

On January 8, 2018, the Magistrate Judge issued an *Order and Report and Recommendation* recommending that Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure be dismissed, in part, and directing Respondent to provide a response to the motion regarding application of *Beckles* to Petitioner's mandatory Guideline sentence. (ECF No. 108.) Although the parties were advised of the right to object to the Magistrate Judge's *Order and Report and Recommendation*, and the Court provided Petitioner an extension of time for the filing of objections, no objections have been filed. The *Order and Report and Recommendation* (ECF No. 108) are **ADOPTED** and **AFFIRMED**. For the reasons discussed therein, and for the reasons that follow, the motion for relief from judgment (ECF No. 105) is **DENIED**.

The sole remaining issue involves Petitioner's claim that relief from the Court's March 24, 2017 *Opinion and Order* denying his *Motion to Vacate under 28 U.S.C. § 2255* is warranted on his claim that his sentence violates *Johnson v. United States*, 135 S. Ct. 2551 (2015), in view

of *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), because he was sentenced under the mandatory, rather than the advisory, United States Sentencing Guidelines.

Respondent contends that Petitioner's current motion constitutes a successive petition and that this Court, therefore, lacks jurisdiction to consider Petitioner's claim absent authorization from the United States Court of Appeals for the Sixth Circuit. *United States' Response to Petitioner's Motion for Relief From Judgment* (ECF No. 112, PAGEID #1031.) Rule 60(b) motions may not be used as vehicles to circumvent the limitations that Congress has placed on the presentation of claims in a second or successive application for habeas relief. *See Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Clark v. United States*, 764 F.3d 653, 658-59 (6th Cir. 2014)). In *Gonzalez*, 545 U.S. at 531, the Supreme Court held that a motion under Rule 60(b) that seeks to assert a new substantive claim for habeas relief must be treated as a successive petition for which prior authorization is required:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 ([2d Cir.] 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe,* 324 F.3d 66, 69 ([1st Cir.] 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 ([7th Cir.] 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra*, at 876.

Here, as discussed, Petitioner argues that the Court improperly dismissed his claim that his sentence violates *Johnson*. Thus, the Rule 60(b) motion constitutes a successive petition, and this Court lacks jurisdiction to consider it absent authorization from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

Moreover, *Hill v. Masters*, 836 F.3d at 591, referred to by Petitioner, does not assist him. In *Hill*, the Sixth Circuit held that a prisoner may file an action under the provision of 28 U.S.C. § 2241 challenging his enhanced sentence as a career offender, if he was sentenced under the mandatory Guidelines and is foreclosed from filing a successive petition under § 2255 and "when a subsequent retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id*. at 599-600.[1] However, the Sixth Circuit has held that "whether *Johnson* applies to the mandatory Guidelines is an 'open question[.]'" *Chubb v. United States*, 707 F. App'x 388, 390 (6th Cir. 2018) (dismissing § 2255 action based on application of *Johnson* to mandatory Guidelines sentence as time-barred under the provision of 28 U.S.C. § 2255(f) (citing *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017)). "Because it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Raybon*, 867 F.3d at 630 (citations omitted). *See also Walker v. United States*, -- F. App'x --, No. 17-5500, 2018 WL 739381, at *1 (6th Cir. Feb. 7, 2018) (same).

---

[1] *Hill* involved application of *Descamps v. United States*, 570 U.S. 254 (2013), whereby one of the petitioner's prior convictions no longer qualified him to be sentenced as a career offender. *Id*. at 595-96.

3

Therefore, Petitioner's motion for relief from judgment (ECF No. 105) is **DENIED**.

    **IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**